[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 21, 1997
On April 22, 1997, the plaintiff, Unique Properties Associates (hereinafter designated Unique), filed a two-count complaint against the defendants, 245 Main Street, Inc. and 245 Main Restaurant Corp. a.k.a. 245 Restaurant Corp. The first count by the plaintiff lessor sought to evict the defendant, 245 Main Street Inc., as lessee for failure to pay monthly rent at $2000 per month commencing on the first of the month following the issuance of zoning approval. The claimed commencement date being May 1, 1996, with said rental payments beginning November 1, 1996, as provided in their leasing agreement of November 10, 1995. The second count incorporates paragraphs one through three of the first count and further alleges that the defendant, 245 Main Street, Inc., sublet to the defendant, 245 Main Restaurant Corp. a.k.a. 245 Restaurant Corp., a portion of the premises at 241-245 Main Street, Danbury. Both counts thereafter provide that on April 8, 1997, the plaintiff duly notified each defendant to quit possession on or before April 21, 1997, but that each defendant still continues in possession.
The lease in question between Unique and 245 Main Street, Inc. provided in paragraph two as follows:
 The aforesaid Demised Premises are demised for a term commencing on the first day of the month following zoning approval for the uses hereinbefore set forth and terminating on March 31, 2001 . . . .
 a. The Tenant shall pay, as a minimum guaranteed rental, for the period commencing on the first day of the month following said zoning approval to March 31, 1997, the sum of Two Thousand and no/100 ($2,000.00) Dollars per month, on the first day of each and every month throughout said period, in advance. . . . The landlord waives the rent for the first six months. . . .
Whereas, plaintiff's exhibit two, entitled Sublease, represented an agreement dated April 1, 1996, between 245 Main Street, Inc. and 245 Main Restaurant Corp. being a lease for a portion of 245 Main Street, Danbury, Connecticut.
The aforementioned lease between Unique and 245 Main Street, Inc. further provided in paragraph 23a and reads as follows
a. Tenant is obligated to make the rental CT Page 7705 payment on or before the first of the month, in advance. . . .
 b. Except as provided . . . Landlord agrees that Landlord will not exercise any right or remedy . . . in this Lease or . . . any default of Tenant, unless Landlord shall have first given written notice thereof to tenant and (1) if the default is failure to make any payment hereunder, Tenant, within a period of ten (10) days thereafter, shall have failed to pay the sum or sums due . . .
The landlord plaintiff offered in evidence, exhibit eight, a certified letter from the City of Danbury Zoning Commission, evidencing a petition for a special permit for a restaurant liquor license for premises known as Ives Street Cafe at 245 Main Street, Danbury. During the course of this trial, evidence was presented and stipulated that Ives Street Cafe did business and operated at 245 Main Street together with Alcatraz and Main Street Cafe. The question to be determined by this court is the triggering date for the commencement of the term provision of the lease as spelled out in paragraph two, the pertinent language being: "[t]he aforesaid Demised Premises are demised for a term commencing on the first day of the month following zoning approval for the uses hereinbefore set forth . . . ." On this very point, defendant's exhibit one, a certified copy of the zoning commission's grant of a special permit, indicates that the date of the grant of the special permit was April 9, 1996, and the effective date May 3, 1996. In Siciliano v. Zoning Board ofAppeals, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 294954 (April 7, 1993) (Levin, J.), 8 CONN. L. RPTR. 563, 1993 Ct. Sup. 3373, the court there held: "[t]o `approve' means `to have or express a favorable opinion of.'" Further, "for a public official to `approve' a thing requires that she `determine that it is proper, and make that fact known to all . . . with absolute certainty, by some visible, unmistakable and enduring mark, to wit, by written declaration attested by his signature.'" Id. Also citing N. York N. Eng. R. R. Co. v. City of Waterbury,55 Conn. 19, 23-24, 10A. 162 (1887). It is clear from the two documents proffered, to wit, plaintiff's exhibit eight and defendant's exhibit one, that the zoning commission approved the special permit as of April 9, 1996, thus triggering the computation of the six months period to commence May 1, 1996, and that rent should be payable November 1, 1996. Defendants' argument that the effective date of May 3, 1996, is the triggering date is not CT Page 7706 correct and this court so finds in making its decision. As defined in Merriam Webster's Collegiate Dictionary, Tenth Edition, the word effective: "1a: producing a decided, decisive, or desired effect. . . . 2: ready for service or action . . . 4: being in effect: operative. . . ." See also Izzo v.Meriden-Wallingford Hospital, 237 Conn. 259 (1996), 676 A.2d 857. Whereas, in State v. Salone, 22 Conn. Sup. 482 (1961),174 A.2d 803, the court at page 484 stated: "we are required to determine and define the scope and meaning of the word `allow' . . . Webster's New International Dictionary (2d Ed.) defines the word `allow': `To approve of; . . . to sanction; to accept . . .'"
Next, the court must determine whether the plaintiff properly gave the defendants the notice as spelled out in paragraph 23 of the lease. The court finds notice was given as required under the lease and refers to plaintiff's exhibit nine, referencing A. Peter Damia's letter of November 20, 1996, addressed to 245 Main Street, Inc., 245 Main Restaurant Corp. and Michael A. Tommarello, which letter recited the November rent of $2000. It is also noted by the court that Attorney Christopher T. Donahue, on behalf of the defendants, acknowledges receipt of this letter or knowledge thereof, since he referenced it: "[i]n any event, because your admission fee for discussions on the matter is $5,805.28, I have instructed my client to do his best to pull those funds together."
The defendants filed three special defenses to this action; first, alleging that rent was offered to the plaintiff/landlord prior to commencement of the action by service of the notice to quit; second, no rent was due on November 1, 1996; and third, failure to comply with paragraphs 23b and 24 of the lease.
As to the first special defense, this court finds that the defendants did not offer rent prior to the service of the notice to quit. This court refers to Attorney Donahue's letter of December 3, 1996, in which he states in part "I met with Michael Tommarello yesterday. He can not pull together $5,800 by Friday." Additionally, the defendants filed for bankruptcy on December 6, 1996, which bankruptcy continued until April 15, 1996. On cross-examination by plaintiff's counsel, Michael Tommarello testified that he did not give any monies to his attorney to offer to the plaintiff/landlord. The court finds that the only monies paid by the defendants as testified to by Damia were two payments, one on October 28, 1996, for $7,085.84 and the sum of $2,436.63 on January 14, 1997. The $7,085.84 represented a CT Page 7707 portion of the additional rent items as of October 28, 1996, covering taxes, gas, oil, insurance, etcetera. None of these funds were for payment of rent. Whereas, the $2,436.63 covered use and occupancy plus the pro rata expenses for electricity and oil delivery. As to the second special defense that no rent was due on November 1, 1996, the court previously found that the rent was due on that date since zoning approval occurred in April, 1996, and calculating the commencement date as May 1, 1996, and going forward six months (rent free), the first rent payment was due November 1, 1996.
Finally, the third special defense alleges noncompliance with paragraphs 23b and 24 of the lease. Paragraph 23b was previously discussed in this memorandum and the court found compliance by the plaintiff/landlord. This court also finds the plaintiff/landlord also complied with paragraph 24 in giving proper notice to the defendants.
Accordingly, the court finds for the plaintiff on both counts of its complaint and enters judgment in its favor to recover possession of the demised premises at 241-245 Main Street, Danbury, Connecticut.
GROGINS, J.